UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Alveto Rivera,

      Plaintiff,

v.

Meg Walanis, Kara Lehman, and Austin
Wuebker, *sued in their individual capacities
and in their official capacities*,

      Defendants.

File No. 25-cv-4441 (ECT/EMB)

**ORDER**

---

Magistrate Judge Elsa M. Bullard issued a Report and Recommendation dated January 7, 2026.  ECF Nos. 6–7.  Judge Bullard recommends dismissing the action pursuant to 28 U.S.C. § 1915(e)(2)(B).  ECF No. 7 at 10–11.  She also denied Plaintiff Alveto Rivera's motion to appoint counsel.  ECF No. 6 at 9–10.  Mr. Rivera filed objections.  *See* ECF No. 9.  Defendants did not respond to the objections.  *See* Dkt.  Because Mr. Rivera has objected, the Order denying the motion to appoint counsel will be reviewed for clear error under 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(a)(3).  The Report and Recommendation will be reviewed *de novo* pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3).

In both respects, Judge Bullard's analysis and conclusions are correct, and Mr. Rivera's objections are not persuasive.  (1) Mr. Rivera argues Judge Bullard is biased.  ECF No. 9 at 3, 11.  There is no support for this assertion.  A carefully drafted, unfavorable ruling does not show bias to the losing party.  (2) Mr. Rivera argues this lawsuit has "nothing to do with [his] prior lawsuit."  ECF No. 9 at 3.  But Judge Bullard correctly concluded that the prior

lawsuit is the underlying case supporting Mr. Rivera's denial-of-access-to-the-courts claim. (3) Mr. Rivera argues the law Judge Bullard applied to his denial-of-access-to-the-courts claim does not apply to his claim because he is a Minnesota Sex Offender Program ("MSOP") client and not in "prison." ECF No. 9 at 4–6. This is incorrect. *See Beaulieu v. Ludeman*, 690 F.3d 1017, 1046 (8th Cir. 2012) (applying *Lewis v. Casey*, 518 U.S. 343 (1996) to an MSOP client). (4) Mr. Rivera disagrees with Judge Bullard's conclusion that he failed to plausibly plead he was deprived of property pursuant to a state procedure. ECF No. 9 at 6–8. This conclusion is correct. There are no allegations indicating the employees responsible for taking and withholding Mr. Rivera's property acted pursuant to a procedure. *See* ECF No. 1. (5) Mr. Rivera objects to Judge Bullard's determination that this Court should decline to exercise supplemental jurisdiction over his state-law claims because his federal claims lack merit. ECF No. 9 at 9. Again, Judge Bullard's conclusion is correct. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008).

Therefore, based on the foregoing and on all the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. Mr. Riveras's objections [ECF No. 9] to the Order and Report and Recommendation are **OVERRULED**.

2. The Report and Recommendation [ECF No. 7] is **ACCEPTED**.

3. The Order [ECF No. 6] is **AFFIRMED**.

4. This matter is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) as follows:

    a. Mr. Rivera's claims under federal law are **DISMISSED WITH PREJUDICE**.

b.       Mr. Rivera's claims under state law are **DISMISSED WITHOUT**

**PREJUDICE**.

5.       Mr. Rivera's application to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: February 19, 2026                              s/ Eric C. Tostrud
                                                                        Eric C. Tostrud
                                                                        United States District Court